UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kara L. Kuhn,

    Plaintiff,

    v.    Case No. 1:06cv633

Shane M. Thompson, *et al.*,    Judge Michael R. Barrett

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon Defendants Sarah Stockton, Angela Maurath, and Daryl Hundley's Motion for Summary Judgment (Doc. 10) and Defendant Shane M. Thompson's Motion for Summary Judgment (Doc. 18). Plaintiff Kara L. Kuhn has filed Responses to the Motions (Docs. 22, 23) and Defendants have filed Replies (Docs. 24, 25). This matter is now ripe for review.

**I.    FACTUAL BACKGROUND**

In late September of 2004, Plaintiff Kara L. Kuhn had an argument with the manager of the Union Township Wal-Mart store, James Pruitt. (Doc. 11, Kara Kuhn Depo. at 33-34) Pruitt told Kuhn to leave the store and not to come back. (Id. at 35) Late on the evening of September 24, 2004, Kuhn returned to the same Wal-Mart store. (Id. at 39, 43-44, 104-05) Pruitt approached Kuhn and said "I told you not to come back in here." (Id. at 48-49) Kuhn refused to leave. (Thompson Decl., ¶ 4) Pruitt approached Defendant Thompson, a Union Township police officer, who was patrolling the parking lot, and advised Thompson that there was a disorderly female in the store who he wanted to have

leave based on the previous encounter. (Id., ¶¶ 2-3)

Officer Thompson approached Kuhn and asked her to leave the store. (Id., 6; Kuhn Depo. at 52-53) Kuhn became very aggressive and combative, and started walking toward the door, throwing a pack of gum onto the floor. (Thompson Decl., ¶ 7; Kuhn Depo. at 53, 55) Officer Thompson grabbed Kuhn's arm and told her she needed to calm down and quit throwing things. (Thompson Decl., ¶ 8) Kuhn swung around and hit Thompson in the head and arm with her purse. (Id., ¶ 9; Kuhn Depo. at 59-60) Kuhn does not dispute that these events took place, but merely explains that she swung around and hit Thompson with her purse because she was pushed or shoved, and almost fell to the ground. (Kuhn Depo. at 58-59)

Officer Thompson then placed Kuhn in an arm hold and placed her against the glass in the entryway of the store in order to apply handcuffs. (Thompson Decl., ¶ 10; Kuhn Depo. at 68, 78) Kuhn continued to be belligerent and argumentative, using profanity, trying to pull away from and kick Officer Thompson. (Thompson Decl., ¶ 11) Kuhn kicked Officer Thompson on the left leg. (Id., ¶ 12; Kuhn Depo. at 74-75, 77) Another Union Township officer arrived and assisted Officer Thompson in walking Kuhn to a patrol car. (Thompson Decl., ¶13) As the officers attempted to place Kuhn in the patrol car, she continued kicking and fighting. (Thompson Decl., ¶ 14) Kuhn continued to resist the officers, who then took Kuhn to the ground and placed her in leg restraints. (Id., ¶ 15; Kuhn Depo. at 68) Kuhn was placed in the back seat of the patrol car, and transported to the Clermont County Jail. (Thompson Decl. ¶ 16-17) Kuhn did not receive any injuries from her arrest by the Union Township officers at the Wal-Mart store. (Kuhn Depo. at 88-89, 90)

During the booking process at the Clermont County Jail, Kuhn assaulted Defendant Sarah Stockton, a corrections officer at the Jail. (Doc. 10, Ex. C) Kuhn maintains that the assault was accidental. (Kuhn Depo. at 118) Kuhn explains that Stockton was twisting Kuhn's arm while she was escorting her. (Id.) Kuhn states that in response, she bent forward. (Id.) Kuhn states that the officers then yanked her back up, which caused the back of her head to hit Stockton in the face. (Id.) Kuhn states that Stockton and other officers then began to kick and punch her, and pushed her down to the floor. (Id. at 119) Kuhn has identified Stockton as being one of the officers, but is unable to identify the other officers. (Id. at 147-48)

Kuhn pled guilty to, and was convicted of felony assault for hitting and kicking Officer Thompson and hitting Officer Stockton with her head. (Kuhn Depo. at 66; Ex. 1, 2; Mason Affidavit at Ex. 2)

In her Complaint, Kuhn brings claims pursuant to 42 U.S.C. § 1983 against all Defendants in their individual capacities for use of excessive force in violation of the Fourth Amendment.

## II.     ANALYSIS

### A.     Motion for Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of

production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

**B.  Section 1983**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Tuttle v. Oklahoma City*, 471 U.S. 808 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001), *citing Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) and *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir.1992).[1]

There appears to be no dispute that Plaintiff has shown state action, and instead,

---

[1] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

the Parties' arguments focus on whether there is sufficient evidence to support Plaintiff's claim of excessive force.

### C. Excessive force

Whether the force used in affecting an arrest is excessive is judged under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Defendants argue that any claim that Plaintiff may have for excessive force is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 486-487.

In *Cummings v. City of Akron*, the Sixth Circuit applied *Heck* in the context of a claim brought against police officers for use of excessive force and illegal seizure. 418 F.3d 676, 682 (6th Cir. 2005). The Sixth Circuit held that *Heck* precluded the plaintiff's excessive force claim because its success would imply the invalidity of the assault conviction entered pursuant to the plaintiff's state court guilty plea. *Id.* The court explained that "[t]he struggle between Cummings and the officers gave rise to both Cummings' assault conviction and the excessive force claim, and the two are inextricably intertwined. Additionally, Cummings could have raised excessive force as a defense to the assault charge, but instead he

chose not to contest the charge." *Id.*

Plaintiff pled guilty to, and was convicted of felony assault against both Officer Thompson and Officer Stockton. Therefore, Plaintiff's claims for excessive force against these Defendants are necessarily barred by *Heck*.[2]

### D. Claims against Defendants Maurath and Hundley

Plaintiff has only made general allegations against Officers Maurath and Hundley. In her deposition, Plaintiff testified that she could identify Officer Stockton, but "I don't know the other ones. I know there was more than one female and more than one male beating me, but I couldn't tell you who they were." (Kuhn Depo. at 148) Without some evidence that the other officers were in fact Officers Maurath and Hundley, Plaintiffs claims against these Defendants cannot survive summary judgment.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants Sarah Stockton, Angela Maurath, and Daryl Hundley's Motion for Summary Judgment (Doc. 10) is **GRANTED**;

2. Defendant Shane M. Thompson's Motion for Summary Judgment (Doc. 18) is **GRANTED**; and

---

[2] The Court notes that other district courts have allowed section 1983 claims based upon allegations that the excessive force occurred after the arrest. *See Schreiber v. Moe*, 445 F.Supp.2d 799 (W.D.Mich. 2006) (finding that *Heck* did not bar plaintiff's excessive force claim based upon allegation that officer kicked him five times while he was handcuffed and in custody in police car); *Potvin v. City of Westland Police Dept.*, No. 05-70291, 2006 WL 3247116, *9 (E.D.Mich. Nov. 7, 2006) (unpublished) (holding that *Heck* does not bar excessive force claim occurring after plaintiff had been arrested). The Court recognizes that the alleged excessive force by Officer Stockton occurred after Plaintiff's arrest. However, in the above cases the plaintiffs were convicted of resisting arrest. In contrast, Plaintiff was convicted of assault upon Officer Stockton, which is inextricably intertwined with her excessive force claim under section 1983.

3. This matter shall be **CLOSED** and terminated from the docket of this Court.

**IT IS SO ORDERED.**

                           */s/ Michael R. Barrett*
                           Michael R. Barrett, Judge
                           United States District Court